UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ANTHONY GRUFF, | : CIVIL ACTION NO. 3:CV-05-2687 |
| Plaintiff | : (Judge Nealon) |
| v. | : FILED SCRANTON |
| COMMONWEALTH OF PENNSYLVANIA, et al., | : SEP 1 8 2006 |
| Defendants | : PER _M.L.P._ DEPUTY CLERK |

## MEMORANDUM AND ORDER

### Background

Plaintiff, John Anthony Gruff ("Gruff"), an inmate currently incarcerated in the State Fayette State Correctional Institution, LaBelle, Pennsylvania ("SCI-Fayette"), filed the above captioned civil rights action pursuant to 42 U.S.C. § 1983. The named defendants are the Commonwealth of Pennsylvania; the Department of Corrections ("DOC"); its Secretary, Jeffrey Beard; former Pennsylvania Attorney General Gerald Pappert; and President Judge Rehkamp of the Perry County Court of Common Pleas.

Plaintiff claims that the Defendants are violating copyright laws by using his name. Specifically, Plaintiff states that Defendant Judge Rehkamp "created the

order (sentence) that the petitioner is now being held illegally, due to UCC Procedures to take control of his name" and that Defendant Rehkamp "has been noticed by UCC Procedures of continued infringement of petitioner's copyrighted name." (Doc. 1, complaint at ¶ IV(3)).

Plaintiff further claims that the Commonwealth of Pennsylvania "has high-jacked for monetary gain Petitioner's common-law copyrighted name" and that Defendant Pappert "is in control of the Judicial system in place in the Commonwealth" and "is liable for any wrongdoing by any of his agents under his authority." (Doc. 1, complaint at ¶ IV(1)).

Finally, Plaintiff alleges that his copyrighted name is used on a daily basis by the Department of Corrections "with no record of a 'red-ink' signature to show permission to use name." Specifically, Plaintiff claims that his "name is used a total of (20) times a day by the PA. Dept. of Corrections, (4) standing counts, (3) late night counts, (1) I.D. Card, (1) name & picture on [his] cell door and at least (11) articles of clothing, none of which the PA. Dept. of Corrections can show permission to use [his] name." (Doc. 1, complaint at ¶ IV (3)).

For relief, Plaintiff seeks compensatory and punitive damages, as well as injunctive relief. Pending before the court are Defendants' motions to dismiss the

complaint. (Docs. 19, 26). For the reasons that follow, Defendants' motions will be granted.

**Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of claims that fail to assert a basis upon which relief can be granted. See FED.R.CIV.P. 12(b)(6). When deciding a motion to dismiss for failure to state a claim, the court is required to accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Id. The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

"In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." Jordan v. Fox, Rothschild, O'Brien & Frankel,

20 F.3d 1250, 1261 (3d Cir. 1994). The court, however, need not accept "bald assertions" or "legal conclusions." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Likewise, the court need not "conjure up unpled allegations or contrive elaborately arcane scripts" to breathe life into an otherwise defective complaint. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Consistent with these principles, the court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**Discussion**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant, while acting under color of state law, deprived him of a right, privilege, or immunity secured by the Constitution or by the laws of the United States. See 42 U.S.C. § 1983; see also Cohen v. City of Philadelphia, 736 F.2d 81, 83 (3d Cir. 1984). Moreover, claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077

4

(3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

An application of the above standards to Gruff's complaint clearly shows that he has failed to set forth a cognizable claim against Defendants DOC Secretary Beard and former Pennsylvania Attorney General Gerald Pappert. Aside from naming these Defendants in the caption of the complaint, Gruff sets forth no allegations of these Defendants' personal involvement in a violation of Plaintiff's constitutional rights. Thus, it is apparent that Plaintiff is attempting to impose liability on the basis of respondeat superior. In fact, Plaintiff acknowledges that Defendant Pappert is being sued in his official capacity by stating that Pappert "is in control of the Judicial system in place in the Commonwealth" and "is liable for any wrongdoing by any of his agents under his authority." (Doc. 1, complaint at ¶ IV(1)). Thus, the Plaintiff's complaint will be dismissed as to Defendants DOC Secretary Beard and Attorney General Gerald

5

Pappert.

Furthermore, it is a well-established principle of law that judges are absolutely immune from suit for damages for conduct performed in the course of their official duties. Stump v. Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based on an exercise of judicial power). Since the complaint clearly indicates that the claim for damages against Judge Rehkamp is based on actions taken by him in the exercise of his official duties, specifically that he "created the order (sentence) that the petitioner is now being held illegally", he is entitled to absolute immunity from monetary relief.

Finally, in order to state a claim for copyright infringement, a plaintiff must show (1) ownership of a valid copyright; and (2) copying of the protected elements of the copyrighted work. Key Publications, Inc. v. Chinatown Today Publishing Enterprises, Inc., 945 F.2d 509, 514 (2d Cir.1991) (citing Feist Publications, Inc. v. Rural Telephone Service Co., Inc., 499 U.S. 340, 361 (1991). However, the fact that a work is copyrighted does not mean that every element of the work is protected, rather, a copyright protects only the original components of the author's work. Feist, 499 U.S. at 345, 348. Words and short phrases, such as titles or slogans, are

insufficient to warrant copyright protection, as they do not exhibit the minimal creativity required for such protection. Arica Institute, Inc. v. Palmer, 970 F.2d 1067, 1072 (2d Cir1992); 37 C.F.R. § 202.1(a) (2001). Similarly, copyright protection does not extend to a concept or idea, regardless of the form in which it is communicated, explained, illustrated, or embodied. Mazer v. Stein, 347 U.S. 201, 217-18 (1954) (stating that copyright protection extends only to the expression of the idea and never to the idea itself); see 17 U.S.C. §102(b)(1988); Williams v. Crichton, 84 F.3d 581, 587-88 (2d Cir.1996) (stating that this is a principle fundamental to copyright law). Williams, 84 F.3d at 587-88. Here, there is no indication whatsoever that Plaintiff registered for a copyright of his name, in accordance with Title 17 of the United States Code, Section 411(a). Thus, without the requisite ownership of a copyright, Plaintiff is certainly not entitled to protection from the copying of the protected elements of the copyright. Defendants' motions to dismiss will be granted. An appropriate Order will be entered.

Dated:   September 18, 2006            s/ William J. Nealon
                                       **United States District Judge**

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN ANTHONY GRUFF, : CIVIL ACTION NO. 3:CV-05-2687
:
    Plaintiff : (Judge Nealon)
:
v. :
:
COMMONWEALTH :
OF PENNSYLVANIA, et al., :
:
    Defendants :

## ORDER

AND **NOW**, this 18th day of **SEPTEMBER, 2006**, for the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motions to dismiss Plaintiff's complaint (Docs. 19, 26) are **GRANTED**.

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

FILED
SCRANTON

SEP 18 2006

PER _____
    DEPUTY CLERK

s/ William J. Nealon
**United States District Judge**